UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL GEARY WILSON,

    Plaintiff,

v.

COUNTY OF CONTRA COSTA, et al.,

    Defendants.

No. C 20-04160 WHA

**ORDER DENYING MOTION TO DISQUALIFY, GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS, AND DISMISSING COMPLAINT**

    Plaintiff applies to proceed in forma pauperis and files a letter and declaration alerting the undersigned judge to biases and prejudices supposedly disqualifying him (and every judge in this district) from presiding over plaintiff's case. Starting with the latter, plaintiff perceives incompatibilities between our local rules and the Federal Rules of Civil Procedure that may, for unrepresented parties not granted access to our electronic-filing system (ECF), shorten their time to respond to motions relative to those with ECF access. The undersigned judge's supposed complacency therewith purportedly evidences bias and prejudice against plaintiff.

    Whenever a party "files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice . . . against him . . . such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C. § 144. The required affidavit "is not legally sufficient unless it specifically alleges facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party stemming from an extrajudicial source." *United States v. Sibla*, 624 F.2d 864, 868 (9th

Cir. 1980); *see Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1388 (9th Cir. 1988) (defining an extrajudicial source as a source other than "conduct or rulings made during the course of the proceeding"). Under Section 455, a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned," or "[w]here he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455. "The test for personal bias or prejudice in Section 144 is identical to that in Section 455(b)(1)." *Sibla*, 624 F.2d 867.

Here, the declaration submitted by plaintiff in support of the instant motion is predicated on plaintiff's challenge to local rules and judicial rulings. As neither disagreement constitutes a legally cognizable ground for recusal, the declaration is not legally sufficient. Given plaintiff's assertion that no judge in this district should be assigned his case, this result is inevitable. Plaintiff's motion is **DENIED**.

For plaintiff's guidance, this order briefly addresses the issues plaintiff raises. *First*, the FRCP do not prescribe a certain time period in which to oppose or reply to a motion. Thus, the deadlines prescribed by our local rules and the decision to tie such deadlines to filing, rather than service, do not contradict the federal rules. *Second*, regardless of the deadlines set by L.R. 7-3, plaintiff would still receive the time provided under FRCP 15 to amend and FRCP 6(d) would apply. *Third*, pursuant to GENERAL ORDER 72-5, pro se parties need not request permission to access ECF at this time.

Turning to plaintiff's application to proceed in forma pauperis, a district court may authorize a plaintiff to prosecute an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees. 28 U.S.C. § 1915(a). It is evident from plaintiff's application that he is unable pay the filing fees and thus may proceed in forma pauperis. A court is under a continuing duty, however, to dismiss a complaint whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint fails to state a claim when it does not comply with Rule 8(a), which requires a "short and plain statement" setting "forth who is being sued, for what relief, and on what

theory, with enough detail to guide discovery." Rule 8; *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996). The purpose of the minimum standard of Rule 8 is to give fair notice to the defendants of the claim being asserted, sufficient to prepare a responsive answer and an adequate defense.

Here, plaintiff's complaint casts a wide net, naming over two hundred defendants and, after 513 pages, alleging 46 claims for relief under state and federal law. The defendants include three counties, four cities, and three California Superior Courts; multiple law firms; and over 150 individuals including local government officials, police officers, attorneys, and judges. Plaintiff alleges that, under conspiracy liability, all defendants are liable for 40 of his 46 claims for relief. Plaintiff's allegations arise from various adverse interactions with different defendants between 2018 and the present. The gravamen of the complaint is that the defendants learned of plaintiff's physical and mental disabilities and "thereafter exploited [his] disabilities by various means, including but not limited to by violence, by fraud, by sham litigation, and by extortion" (Compl. ¶ 2).

Even construing the complaint liberally, as our court of appeals requires when a plaintiff proceeds pro se, it fails to meet the minimum requirements under Rule 8(a). *See Hebbe v. Piler*, 627 F.3d 338, 342 (9th Cir. 2010). To start, plaintiff's complaint is "needlessly long" and "consist[s] of incomprehensive rambling." *See Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (citation omitted). While Rule 8 does not dictate the appropriate length of a complaint, plaintiff's 554-page tome far exceeds the limit for a "short and plain statement." The lengthy complaint presents a confusing narrative of the defendants' alleged conspiracy and detailed accounts of plaintiff's interactions with the defendants. Plaintiff muddles this narrative further by including lengthy transcripts of conversations with defendants (the longest of which spanning over one hundred pages); personal theories, such as the "Karen Vortex"; and detailed descriptions of his internal monologue (Compl. ¶¶ 50, 305, 371).

When we reach the claims for relief, plaintiff merely incorporates the preceding paragraphs, which, given the length and number of defendants, fails to sufficiently identify the

alleged acts that form the basis of any particular defendant's liability (Compl. ¶¶ 441–803). Because plaintiff alleges that all defendants are liable for most claims — based on conspiracy liability — it is nearly impossible to determine which alleged act gave rise to the specific claim for relief, let alone which defendant caused the alleged harm.

Given plaintiff's history in our district, he should be well aware of the requirements of Rule 8. *See, e.g.*, *Wilson v. Mount Diablo Unified School District, et al.*, 2018 WL 4373056 (N.D. Cal. Sept. 12, 2018) (Judge James Donato) (dismissing plaintiff's 66-page complaint); *Wilson v. Mount Diablo Unified School District/ Special Education Local Plan Area (Diablo), et al.*, 2020 WL 3971614 (N.D. Cal. July 14, 2020) (Judge Maxine Chesney) (dismissing plaintiff's 198-page complaint and granting leave to amend). Despite multiple dismissals of his claims for failure to comply with Rule 8, plaintiff's complaints seem only to grow in length, allegations, and defendants. This complaint is no exception.

## CONCLUSION

For the reasons stated above, plaintiff's motion to disqualify is **DENIED**, his application to proceed in forma pauperis **GRANTED**, and his complaint **DISMISSED**. Given plaintiff's history in our district and given the hopelessness of his sprawling net, leave to amend is **DENIED**. Plaintiff's next step, if he wishes to pursue this lawsuit, is to file a timely notice of appeal.

Separately, a group of defendants have filed two motions to deem plaintiff a vexatious litigant, one before Judge Chesney and one here. Only one is necessary. Given Judge Chesney's experience with plaintiff, this order will defer to her decision. Defendants' motion to deem plaintiff a vexatious litigant in this action is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated: August 20, 2020

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE